FILED
November 14, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
                    DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | Criminal No. 5:17-cr-547 (RCL) |
| § | |
| ELTON VALLARE, § | |
| § | |
| *Defendant.* | |

## MEMORANDUM ORDER

Pending before the Court is Movant Elton Vallare's "Petition for Void Judgment Per Rule 60(b)(4) Per Federal Rules of Civil Procedure." Motion, ECF No. 255. Vallare was originally convicted on four counts related to distribution (counts one and two), receipt (count three), and possession (counts four and five) of child pornography. Am. Judgment, ECF No. 194. The Court sentenced Mr. Vallare to serve a term of 240 months of incarceration to be followed by a term of ten years of supervised release. *Id.* Mr. Vallare appealed his conviction. Notice of Appeal, ECF No. 178. The 5th Circuit granted the government's motion for summary affirmance on appeal and affirmed this Court's judgment in its entirety. *United States v. Vallare*, 842 F.App'x. 953 (5th Cir. 2021). The mandate issued from the Court of Appeals on April 30, 2021. Mandate, ECF No. 242. Mr. Vallare timely filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. 2255 Mot., ECF No. 246. This Court denied his motion and his certificate of appealability. Order, ECF No. 253.

In the pending Rule 60(b) Motion, the Court understands Vallare to attack his underlying criminal convictions. Motion 4. Congress has provided prisoners with a statutory means of collateral attack on a federal sentence through the Antiterrorism and Effective Death Penalty Act of 1996. 28 U.S.C. § 2255. Indeed, § 2555 "is the primary means of collaterally attacking a federal sentence." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). Accordingly, the Court will construe pending Rule 60(b) motion as a motion to vacate pursuant to 28 U.S.C. § 2255.

Section 2255 further provides that before a second or successive motion to vacate, set aside, or correct sentence is filed in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

Mr. Vallare has previously challenged his conviction in a § 2255 motion, which the Court denied on the merits. Mem. Opinion, ECF No. 252. The Court also refused to issue a certificate of appealability. Order, ECF No. 253.

Pursuant to §§ 2255 and 2244(b)(3)(A), the Court finds Vallare's successive motion should be dismissed because Vallare has not obtained prior approval to file a successive motion. *See United States v. Fulton*, 780 F.3d 683 (5th Cir. 2015) (holding the district court does not have jurisdiction to consider a successive § 2255 motion and remanding to the district court with instructions to dismiss the successive motion for want of jurisdiction). Vallare failed to present an order to this Court from the Fifth Circuit Court of Appeals authorizing the filing of a successive § 2255 motion; therefore, this Court lacks jurisdiction to proceed with the § 2255 motion. Accordingly,

It is **ORDERED** that the pending Motion [ECF No. 255] is construed as a motion to vacate pursuant to 28 U.S.C. § 2225; and it is further

**ORDERED** that the Clerk of the Court shall open a companion civil cause, in keeping with its practices for docketing new motions to vacate pursuant to 28 U.S.C. § 2255 and shall file a copy of this Order in the new cause; and it is further

**ORDERED** that, to the extent Movant seeks to set aside his sentences and convictions, in whole or in part, his motion to vacate pursuant to 28 U.S.C. § 2255 is **DENIED** and the case is **DISMISSED**; and it is further

**ORDERED** that no certificate of appealability shall issue.

Date: _14 November, 2024._                    _____
                                              Royce C. Lamberth
                                              United States District Judge